Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Criminal No. 16-0073 (ES)** |
| **Plaintiff,** | |
| | **OPINION** |
| **v.** | |
| **ARNALDO ECHEVARRIA,** | |
| **Defendant.** | |

SALAS, DISTRICT JUDGE

Before the Court is Defendant Arnaldo Echevarria's motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"). (D.E. No. 72 ("Motion" or "Mot.")). The Government opposes the Motion. (D.E. No. 76 ("Opp.")). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Crim. P. 43(b)(4); *United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009). For the following reasons, the Court DENIES the Motion.

## I.   BACKGROUND

On February 22, 2016, by way of indictment, Defendant was charged with seven counts of bribery in violation of 18 U.S.C. § 201(b)(2), one count of harboring an alien in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) & (a)(1)(B)(ii), and one count of making a false statement in violation of 18 U.S.C. § 1001. (D.E. No. 65). On March 9, 2017, a jury found Defendant guilty of all but one count of bribery. (D.E. No. 45). On October 24, 2017, the Undersigned sentenced Defendant to a term of imprisonment of 84 months. (D.E. No. 69 at 46:9–14). The sentence fell within the lower end of the recommended guidelines range. (*Id*. at 13:13–14). He is presently under the custody of the Bureau of Prisons ("BOP") and incarcerated at the Federal Correctional

Institution, Danbury ("FCI Danbury").  (Mot. at 7–8).  Defendant now moves for a reduction in sentence under § 3582(c)(1)(A)(i) on the basis that he is at an increased risk of serious illness from COVID-19 due to his weight.

## II.    LEGAL STANDARD

Once a term of imprisonment has been imposed, the Court may modify it only under very limited circumstances.  *In re Morris*, 345 F. App'x 796, 797–98 (3d Cir. 2009) (citing 18 U.S.C. § 3582(c)).  Relevant here, 18 U.S.C. § 3582(c)(1) provides that in any case:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> > (i) extraordinary and compelling reasons warrant such a reduction;
> >
> > […]
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

A defendant bears the burden of demonstrating that he is entitled to a sentence reduction by showing that he has satisfied the procedural prerequisites for a reduction in sentence and that there are extraordinary and compelling reasons warranting such a reduction.  *See, e.g.*, *United States v. Epstein*, No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020).  In addition, the Court must find that "the applicable sentencing factors under § 3553(a) warrant a reduction."  *United States v. Sparrow*, No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020).

### III.    ANALYSIS

#### A.  Exhaustion

Before moving for a reduction of sentence in court, a defendant must satisfy § 3582(c)(1)(A)'s exhaustion requirement.  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). This requires either that thirty days have passed since the warden received a request for a reduction in sentence from the defendant, *or* that the defendant has exhausted all administrative remedies.  *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020).

The Government concedes that Defendant has met the exhaustion requirement.  (Opp. at 4).  The Court notes, too, that thirty days have passed since Defendant submitted his request for a reduction in sentence to the warden of FCI Danbury.  (Mot. at Ex. B).  Therefore, the Court proceeds to the merits of his Motion.

#### B.  Extraordinary and Compelling Reasons

Before Congress passed the First Step Act, it directed the Sentencing Commission to define the "extraordinary and compelling reasons" standard.  *United States v. Alexander*, No. 19-0032, 2020 WL 2507778, at *3 (D.N.J. May 15, 2020).  The Sentencing Commission issued a policy statement in which an application note lists three specific extraordinary and compelling reasons that a court may consider "[u]pon motion of the Director of the [BOP]" under § 3582(c)(1)(A). U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, Application Note 1 (U.S. Sentencing Comm'n 2018).  One of those reasons is potentially relevant here: a terminal illness or a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *Id.*, Application Note 1(A).  In addition, the policy statement includes a catchall

provision, which provides that "other reasons" may be sufficient if "[a]s determined by the Director of the [the BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in [the enumerated] subdivisions." *Id.*, Application Note 1(D).

Because the Sentencing Commission's policy statement was issued before the First Step Act amended § 3582(c) to allow defendant-initiated motions for a reduction in sentence, the policy statement pertains only to BOP-initiated motions. *See generally* U.S.S.G. § 1B1.13.  Recently, the Third Circuit held that the policy statement, by its plain language, applies only to BOP-initiated motions and is thus "not applicable—and not binding—for courts considering prisoner-initiated motions." *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021).

Accordingly, the Court is not constrained by the Sentencing Commission's policy statement.  The Court will, however, refer to the policy statement for guidance, *see id.* at 260, and consider the body of caselaw addressing extraordinary and compelling reasons in the wake of defendant-initiated motions for a reduction in sentence based on COVID-19.  On the latter score, courts consistently consider two components: "(a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-0101, 2020 WL 4282747, at *3 (D.N.J. July 27, 2020).

Defendant argues that his "long-established history of obesity" puts him at heightened risk of severe illness from COVID-19, amounting to an extraordinary and compelling reason that warrants a sentence reduction. (Mot. at 4–5 & 12).  The Court disagrees.

Defendant's only evidence supporting his claim is that his reported body mass index ("BMI") is 28.3.  (*Id.* at Ex. A).  However, the CDC classifies a BMI between 25 and 29.9 as "overweight," not "obese."[1]  Moreover, while the Government concedes that the CDC indicates that overweightness can make one more likely to become severely ill from COVID-19,[2] it correctly argues that overweightness alone does not constitute an extraordinary and compelling reason justifying release.  (Opp. at 9).  The Court thus agrees with other courts within this District that have held the same.  *See United States v. Nelson*, No. 15-0388, 2021 WL 3489814, at *4 (E.D. Pa. Aug. 9, 2021) (collecting cases for the proposition that, "in general, courts have been reluctant to grant compassionate release based solely on obesity—let alone the lesser category of being overweight"); *United States v. Martinez*, No. 17-0171, 2021 WL 2651663, at *2 (D.N.J. June 28, 2021) ("However, Defendant's [BMI] of 26.9 leaves him overweight, not obese. While being mildly overweight may leave someone at a higher risk for contracting a severe form of Covid-19, it does not constitute the 'extraordinary and compelling" circumstances required to grant Defendant the relief he seeks.").

In addition, as the Government argues, Defendant received at least one dose of the Moderna vaccine, offsetting the potential increased risk presented by his weight.  (Opp. at 10).  Although it is unclear whether he has since received a second dose, there is no indication of delay in administering the second dose, and courts have found that even a single dose of the vaccine substantially reduces a movant's risk.  *See United States v. Lee*, No. 13-0056, 2021 WL 4077562,

---

[1]    *See About Adult BMI*, CDC, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/index.html (last visited Nov. 22, 2021). Courts around the country have used the CDC's lists to determine whether COVID-19 presents extraordinary and compelling reasons for a reduction in sentence for a particular inmate. *See, e.g.*, *United States v. Dent*, No. 18-20483, 2020 WL 4783921, at *3 (E.D. Mich. Aug. 17, 2020); *United States v. Henries*, No. 00-0788, 2020 WL 4727090, at *2 (D.N.J. Aug. 14, 2020); *United States v. Henry*, No. 04-0004, 2020 WL 4748537, at *5 (D. Md. Aug. 17, 2020).

[2]    *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions html (last updated Oct. 14, 2021) (last visited Nov. 22, 2021).

at *3 (D.N.J. Sep. 8, 2021); *United States v. Arzola*, No. 6-569, 2021 WL 3486898, at *3 (D.N.J. Aug. 9, 2021); *United States v. Roper*, No. 16-335, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) (finding that receiving "the first of two vaccination shots several weeks ago" reduced risk to an inmate where "no one suggest[ed] delay in the second shot").

Finally, the present conditions at FCI Danbury counsel against finding extraordinary and compelling reasons warranting release. FCI Danbury houses a total of 1,064 inmates,[3] and the facility has completed 756 inmate inoculations.[4] Currently, there are no reported cases of COVID-19 at the facility, indicating that FCI Danbury is taking effective measures in combatting the spread of COVID-19.[5] Other courts have held that high vaccination rates and other effective countermeasures against COVID-19 counsel against finding extraordinary and compelling circumstances. *United States v. Mims*, No. 19-527, 2021 WL 4059851, at *4 (D.N.J. Sep. 7, 2021) (finding that FCI Danbury has taken reasonable measures against the spread of COVID-19); *United States v. Brown*, No. 18-77, 2021 WL 3486899, at *4 (D.N.J. Aug. 9, 2021) ("Defendant's inoculation and the high vaccination rate at USP Canaan substantially reduce his risk of reinfection with COVID-19, and courts have routinely denied compassionate release to inmates in similar situations.").

Defendant has not met his burden of showing extraordinary and compelling reasons warranting release. The Court need not consider the § 3553(a) factors.

---

[3]    *FCI Danbury*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/dan/ (last visited Nov. 22, 2021).

[4]    *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Nov. 22, 2021).

[5]    *Id*.

## IV.    CONCLUSION

For the above stated reasons, Defendant's Motion is DENIED.    An appropriate Order accompanies this Opinion.


Dated: November 22, 2021                                                   /s/ Esther Salas
                                                                          Esther Salas, U.S.D.J.